IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JERMAINE DALE JONES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF )<br>AMERICA, )<br>)<br>Respondent. ) | CASE NO. 1:23-cv-0743-RAH |

## **MEMORANDUM OPINION AND ORDER**

**THIS CAUSE** is before the Court on Petitioner Jermaine Dale Jones' *pro se* Motion to Vacate under 28 U.S.C. § 2255 which collaterally attacks the convictions and sentences in two underlying criminal cases, *United States v. Jones*, No. 1:19-cr-066 (M.D. Ala. Feb. 28, 2020) ("Case 066") and *United States v. Jones*, No. 1:19-cr-450 (M.D. Ala. Feb. 28, 2020) ("Case 450"). The Government has filed a Response. Jones failed to file a reply, although he was given the opportunity to do so. The Court has carefully considered the Motion, the Response, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

On February 13, 2019, Jones was indicted on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *See* Indictment, *United States v. Jones*, No. 1:19-cr-066 (M.D. Ala. Feb. 28, 2020), Dkt. No. 1. On November 20, 2019, Jones was charged with possession of a firearm in furtherance of a drug trafficking crime under a felony information in violation of 18 U.S.C. §

924(c)(1)(A).  *See* Felony Information, *United States v. Jones*, No. 1:19-cr-450 (M.D. Ala. Feb. 28, 2020), Dkt. No. 1.  He later pleaded guilty in both cases on November 21, 2019, pursuant to a plea agreement with the Government.  The plea agreement contains an appeal waiver.

Jones was sentenced on February 26, 2020.  He received a 52-month sentence in Case 066, and a 60-month sentence in Case 450, each to run consecutive with the other.  Jones did not appeal either conviction or sentence.

On December 26, 2023, Jones filed the instant Motion to Vacate both sentences pursuant to 28 U.S.C. § 2255.  The Motion claims that his 922(g) conviction is unconstitutional; his convictions should have been imposed to run concurrently; there were Brady violations; he was not given an opportunity to allocate; and there was an illegal search and seizure.  The Government argues that Jones' claims are without merit and are time-barred.

## LEGAL STANDARD

Under Section 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under Section 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982). A prisoner is entitled to relief under Section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "[R]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in

direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam) (cleaned up).

## DISCUSSION

The Government first argues that Jones' claims are time-barred and procedurally defaulted, and secondly, if not, that they lack merit.

**A.    Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations for filing a § 2255 motion to vacate or correct sentence. 28 U.S.C. § 2255(f). Under § 2255(f)(1), the limitations period begins to run from "the date on which the judgment of conviction becomes final." If a defendant does not appeal, his conviction becomes final upon the expiration of the period for filing a timely notice of appeal, or fourteen days after the entry of judgment. *See* Fed. R. App. P. 4(b)(1)(A); *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).

Jones' judgments of conviction were entered on February 28, 2020. The judgments became final fourteen days later, on March 13, 2020. Therefore, under § 2255(f)(1), Jones had until March 13, 2021, to file his § 2255 motion. Jones however did not file his § 2255 motion until December 26, 2023. Accordingly, his claims are facially time-barred.

The Court may still review Jones' untimely § 2255 motion if he can demonstrate entitlement to equitable tolling. "In the § 2255 context, equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Jones v. United States*, 304 F.3d 1035, 1039 (11th Cir. 2002) (per curiam) (citation omitted). "The 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction." *Helton v. Sec'y for Dep't of*

3

*Corr.*, 259 F.3d 1310, 1314–15 (11th Cir. 2001) (citation omitted). "The *petitioner* has the burden of proving entitlement to equitable tolling by showing that extraordinary circumstances that were both beyond his control and unavoidable even with diligence prevented filing the petition on time. *Jones*, 304 F.3d at 1040 (internal quotations and citation omitted). But as "an extraordinary remedy," federal courts should permit equitable tolling "sparingly." *Id.* at 1038–39 (internal quotations and citation omitted).

 Here, Jones does not explicitly argue for equitable tolling, actual innocence, or a fundamental miscarriage of justice. He also does not explain why his motion is timely. And he has not afforded the Court with a reply to the Government's response. The closest he comes to surpassing the statute of limitations is his allegation that "922(g) is now legally being ruled unconstitutional." (Doc. 1 at 4.) In other words, he makes an allegation that there has been a change in the law. But Jones points to no new right that would make his motion timely. Nor is the Court aware of any. Courts in the Eleventh Circuit have repeatedly rejected similar attempts to restart the clock under § 2255(f)(3) via an allegation that a § 922(g) conviction is unconstitutional or that a new right was created under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). *See, e.g.*, *Parks v. United States*, No. CR 119-034, 2023 WL 4406026, at *2–3 (S.D. Ga. July 7, 2023), *report and recommendation adopted*, No. CR 119-034, 2023 WL 4915046 (S.D. Ga. Aug. 1, 2023); *Salley v. United States*, No. 8:19-CR-317, 2023 WL 3568618, at *2 (M.D. Fla. May 18, 2023) ("*Bruen* established a right for 'law-abiding citizens' in the context of firearms licensing[;] *Bruen* did not establish a newly recognized right that protects [a convicted felon]."); *see also In re Terry*, 2022 WL 20033240 (11th Cir. Nov. 14, 2022) (by the panel) ("[T]o the extent that the right recognized in Bruen is a previously unavailable, new rule of constitutional law, Bruen has not been made retroactive to cases on collateral review by the Supreme Court." (internal quotations

4

omitted)). And regardless, if Jones is relying upon *Bruen* as the basis for creating the new right, *Bruen* was released on June 23, 2022, which renders any assertion based on *Bruen* as time-barred because Jones did not file his motion until December 26, 2023.

**B.    Section 922(g) Conviction**

Even if Jones' § 922(g) constitutionality challenge was timely—which it is not—his assertion still fails on the merits. No court in the Eleventh Circuit has found § 922(g) unconstitutional. In fact, the Eleventh Circuit Court of Appeals has already spoken to this argument on several occasions in published and unpublished opinions and has repeatedly rejected it as to § 922(g) convictions, facially and as applied. *See United States v. Dubois*, 139 F.4th 887, 890, 894 (11th Cir. 2025); *see also United States v. Pierre*, No. 23-11604, 2025 WL 1721074, at *1, *3 (11th Cir. June 20, 2025) (per curiam); *United States v. Hester*, No. 23-11938, 2024 WL 4100901, at *1 (11th Cir. Sept. 6, 2024) (per curiam); *United States v. Young*, No. 23-10464, 2024 WL 3466607, at *1, *9 (11th Cir. July 19, 2024) (per curiam); *United States v. Johnson*, No. 23-11885, 2024 WL 3371414, at *1 (11th Cir. July 11, 2024) (per curiam); *United States v. Sheely*, No. 22-13500, 2024 WL 4003394, at *1 (11th Cir. Aug. 30, 2024) (per curiam).

Jones references "US v Davis (2023)" and the "Third District" as authority for his proposition, but he does not provide a citation for either assertion. (Doc. 1 at 4.) As such, the Court cannot decipher exactly what cases to which Jones is referring. And to the extent he is referring to a decision from the Third Circuit Court of Appeals, this Court is bound to follow the decisions of the Eleventh Circuit, which again has found § 922(g) convictions constitutional. *See Dubois*, 139 F.4th at 888–89.

In short, Jones' claim that his § 922(g) conviction is unconstitutional is foreclosed by binding Eleventh Circuit precedent.

## EVIDENTIARY HEARING

Jones is not entitled to an evidentiary hearing because he has not alleged specific facts that, if true, would entitle him to habeas relief. *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 763 (11th Cir. 2010) ("Having alleged no specific facts that, if true, would entitle him to federal habeas relief, [Petitioner] is not entitled to an evidentiary hearing.").

## CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

1) Petitioner Jermaine Dale Jones' Motion to Vacate Under 28 U.S.C. § 2255 (doc. 1) is **DENIED**;

2) To the extent Jones seeks a certificate of appealability, the request to proceed on appeal i**s DENIED** because Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000); and

3) The Clerk is directed to **CLOSE** this case and mail a copy of this Order to Petitioner at the address of record.

**DONE** and **ORDERED** on this the 4th day of September 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE